## CIRCUIT COURT OF THE CITY OF RICHMOND

Shannon L. Stone

v.

John S. Faucette
and Mark A. Stone

January 30, 1995

Case No. LX-1309-3

BY JUDGE MELVIN R. HUGHES, JR.

After the jury returned a verdict in plaintiff's favor and against defendant Mark A. Stone only, the Court took the plaintiff's motion for a new trial under advisement. The verdict against defendant Stone was in the amount of $4,338.18, the exact amount of the medicals and loss wages plaintiff claimed.

I have examined *Bradner v. Mitchell*, 234 Va. 483, 362 S.E.2d 718 (1987), and my notes of the evidence in the trial. I have decided to deny the motion for the following reasons.

"[W]here the plaintiff's evidence of special damages is controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant's wrong or some other cause . . . [the court cannot] say that the plaintiff's special damages constituted any fixed part of the jury's verdict." *Id.* at 487. In such an instance, as we have here, "it is impossible for the court to determine what amount might have been awarded for pain, suffering, and other non-monetary factors." *Id.* at 487.

There was evidence that plaintiff suffered from headaches, a lumbar-sacral strain and a bulging disk at L4-5. Dr. Suhni said that a bulging disk can result from non traumatic causes and many persons have this condition normally, including himself. There is also the matter of plaintiff's current pregnancy relating to her continuing complaint of such discomfort. Perhaps the jury took account of this in their assessment of the case, in

view of how the accident occurred, and decided that some but not all of the medical specials were due and attributed the rest to pain and suffering.

Let me hasten to add that when the verdict amount is considered, the court does not have blinders on when examining this question. One can legitimately suggest that the verdict is strangely coincidental to the specials claimed, to the penny, so the jury must have disregarded the instructions regarding pain and suffering. However, there was credible evidence from which a rational fact finder could have found that some but not all the medicals were related.

A final judgment order is entered today, noting exceptions.